IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GABRIELLE D'AGOSTINO, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| KALAHARI RESORTS, LLC d/b/a | : | |
| KALAHARI RESORTS & CONVENTIONS, | : | |
| | : | |
| Defendant. | : | |

## NOTICE OF REMOVAL OF DEFENDANT KALAHARI RESORTS, LLC D/B/A KALAHARI RESORTS & CONVENTIONS

Defendant, Defendant, Kalahari Resorts, LLC d/b/a Kalahari Resorts & Conventions ("Defendant"), by and through their counsel, Post & Schell, P.C., hereby submits this Notice of Removal and avers as follows:

1. This matter arises from an alleged incident that occurred on September 9, 2017 at Kalahari Resort. See Plaintiff's Complaint attached hereto as **Exhibit A**.

2. Plaintiff initiated this case via Complaint on June 24, 2019. See Docket attached hereto as **Exhibit B**.

3. This Court's jurisdiction is based upon diversity of citizenship under 28 U.S.C. § 1332.

4. With regard to diversity of citizenship, Plaintiff is a citizen of Virginia. See Exhibit A, ¶ 1.

5. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1).

6. Defendant is a Delaware business entity. Id., ¶ 2.

7. The parties are in complete diversity.

8. Plaintiff alleges that as a result of the alleged incident she sustained the following injuries:

    41.1. Lumbar vertebra fracture;

    41.2. Backpain [sic];

    41.3. Natural and proximate injuries arising from back injuries;

    41.4. Sacroiliac joint inflammation and pain;

    41.5. Headaches;

    41.6. Various bruises and contusions;

    41.7. Balance problems; and

    41.8. General loss of well-being.

    Id., ¶ 41.

9. Plaintiff is also seeking damages for past medical expenses, future medical expenses, wage loss, and loss of earning capacity. Id., ¶¶ 45-47.

10. Plaintiff's Complaint alleges damages against the Defendant in a "sum in excess of the jurisdictional limits for mandatory arbitration…" Id.

11. "The general federal rule is to decide the amount in controversy from the complaint itself… The amount in controversy is not measured by the low end of an open ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993) (Plaintiff sought damages "'in excess' of $20,000.")

12. In light of the fact that Plaintiff asserts substantial personal injuries and economic loss any "reasonable reading of the rights being litigated" in this matter leads to the conclusion that the amount in controversy exceeds the federal jurisdictional threshold.

2

13.     Therefore, the instant action satisfies the elements necessary to establish diversity of citizenship jurisdiction pursuant to 28 U.S.C. 1332 insofar as all of the parties are diverse and the amount in controversy is in excess of $75,000.00.

14.     Defendants Notice of Removal has been filed within thirty (30) days of receipt of Plaintiff's Complaint, and therefore is timely, under 28 U.S.C. § 1446.  See also Sikirica v. Nationwide Ins. Co., 416 F.3d 214 (3rd Cir. 2005).

15.     Concurrently, Defendants filed a Notice of Removal with the Prothonotary of the Court of Common Pleas of Monroe County pursuant to 28 U.S.C. § 1446(d).  See Notice attached hereto as **Exhibit C**.

**WHEREFORE** this action, which is presently docketed in the Monroe County Court of Common Pleas No. 2019-04797, has been removed to this Court and this action should be placed on the docket for this Court for further proceedings as though it was originally initiated here.

**POST & SCHELL, P.C.**

By:     *s/ John W. Croumer*

Dated: July 12, 2019

JOHN W. CROUMER
I.D. # 208170
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, John W. Croumer, Esquire, do hereby certify that on the date set forth below, I did serve a true and correct copy of the foregoing document upon the following person(s) at the following address(es) by first class mail, postage paid:

>George G. Oschal, III, Esquire
>James J. Albert, Esquire
>Andrew K. Shumlas, Esquire
>CEFALO LAW, LLC
>309 Wyoming Avenue
>West Pittston, PA 18643

**POST & SCHELL, P.C.**

By: *s/ John W. Croumer*
John W. Croumer, Esquire
Attorneys for Defendant

Dated: July 12, 2019